IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR. No. 05-019 L |
| v. | : | Violation of 18 U.S.C. § 1001 |
| | : | |
| ALBERTO COLL | : | |

**DEFENDANT'S MOTION TO SUSPEND PROBATION**

NOW COMES THE Defendant, Alberto Coll, by and through his attorney of record, Francis J. Flanagan, Esq., and respectfully requests an Order suspending the probation of the above-named Defendant pursuant to Rule 38(d) of the Federal Rules of Criminal Procedure. In support of this Motion the Defendant states the following:

1. The Probation Department has stated that they would approve a Motion to Suspend Probation.
2. The Honorable Judge Ronald R. Lagueux, in his statements during the Sentencing Hearing of the Defendant, suggested that the Defendant could file a Motion for Suspension of Probation if he performs all of the duties of probation. Defendant directs this court to Lines 14-17 on page 10 of the transcript of the Sentencing Hearing which is attached hereto as Exhibit A.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant his Motion to Suspend Probation.

ALBERTO COLL,
By His Attorneys

DATED: 22 AUG 05

Francis J. Flanagan, Esquire (#4858)
Sayer Regan Thayer & Flanagan
130 Bellevue Avenue, Unit 2
Newport, Rhode Island 02840
(401) 849-3040

**NOTICE**

PLEASE LET THIS MATTER BE HEARD ON THE next available Motion Hearing date.

Sandra A. Johnson, Paralegal

**CERTIFICATION**

I certify that on the 26 day of August, 2005, I delivered a true copy of the within Motion to Lee Vilker, Esq., Assistant United States Attorney, US Attorney's Office, 50 Kennedy Plaza, Providence, RI 02903, and Heather McLoughlin, Probation Office, United States District Court, Two Exchange Terrace, 3rd Floor, John O. Pastore Federal Building, Providence, RI 02903, via first class mail postage pre-paid.

Sandra A. Johnson, Paralegal

But this is one of the easiest sentencings I've ever had. It's obvious that no useful purpose would be served in sending Dr. Coll to prison or even a halfway house. His lies were an error of judgment and an aberration in a very distinguished and stellar career in academics and in public service. I am confident that Dr. Coll will never violate the law of the United States again.

However, it was a serious crime, although no harm came to the Government, because lying to the Government is not a matter that can be condoned. So I feel that I must impose a probationary term in this case.

I will impose a term of probation of one year. If the Defendant performs as I think he will perform under probation, I'm sure his attorney can make a motion to suspend the probation at some later time.

A fine is necessary in this case to compensate the Government for the effort that various Government agents had to put into this matter; and so I impose a fine at the top of the guideline range, which is $5,000. I must also impose a special assessment of $100.

There is no need for me to depart either way from the guideline range because the guideline range is